opinion of the court
Richard D. Rosenbloom, J.
This action was brought by plaintiff to recover damages for an alleged breach of warranty involving a 1982 Pontiac automobile. Plaintiff moved for partial summary judgment on the issue of liability, which motion was denied because of the existence of questions of fact as to the cause of plaintiff’s damages. Defendant General Motors Corporation cross-moved for an order dismissing or granting summary judgment as to plaintiff’s claim for attorney’s fees under the Magnuson-Moss Warranty Act ([Act], US Code, tit 15, § 2310, subd [d], par [2]).
In support of its cross motion, defendant General Motors Corporation contends that plaintiff is not a consumer as defined in the Act since it was a lessee rather than a buyer of the automobile in question. It further claims that the automobile is not a “consumer good” as defined in the Act. Plaintiff argues that a lessee is considered a “consumer” and that an automobile, even though used in part for business purposes, is considered a “consumer product” under the Act.
*606 The Magnuson-Moss Act provides that a consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty may bring suit for damages and equitable relief, and, if successful, may recover attorneys’ fees and costs as part of the judgment. A consumer is defined as a buyer of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty applicable to the product and any other who is entitled by the terms of such warranty or under applicable State law to enforce against the warrantor the obligations of the warranty. (US Code, tit 15, § 2301, subd [3].)
Clearly the automobile was transferred to plaintiff during the period in which the warranty was in effect. However, defendant contends that plaintiff, being a corporation, was not a “person” to whom the automobile was transferred. This argument, carried to its logical conclusion, would likewise exclude defendant General Motors Corporation from the operation of the Act, since warrantors are also defined as persons. (US Code, tit 15, § 2301, subds [4], [5]; 16 CFR 701.1 [f], [g].) Such a narrow interpretation, that the Act applies only to natural persons, cannot have been intended in view of the broad purpose of the Act to protect the value in the use of warranted goods and to provide a prompt and effective remedy in the event of a breach. (See Reitz, Consumer Protection Under the Magnuson-Moss Warranty Act, p 129 [1978].)
Although the Act defines warranties in the context of sales and products, it goes on to expressly extend its provisions to those to whom the product is transferred. The right to sue under the Act is also given to the person in possession of the product during the period in which the warranty is in effect, whether or not that person is the buyer of the product. This court concludes that plaintiff is a consumer entitled to invoke the protections of the Magnuson-Moss Act.
In order to state a viable cause of action, plaintiff must also establish that the automobile in question is a consumer product. The Act defines consumer product as any tangible, personal property which is distributed in commerce and which is normally used for personal, family or *607 household purposes. (US Code, tit 15, § 2301, subd [1].) The regulations promulgated under the Act further amplify this definition: “This means that a product is a ‘consumer product’ if the use of that type of product is not uncommon. The percentage of sales or the use to which a product is put by any individual buyer is not determinative. For example, products such as automobiles and typewriters which are used for both personal and commercial purposes come within the definition of consumer product. Where it is unclear whether a particular product is covered under the definition of consumer product, any ambiguity will be resolved in favor of coverage.” (16 CFR 700.1 [a].)
Similarly, the legislative history of the Act indicates an intent by Congress to construe the statute broadly: “There are many products which fall within this definition which are also used for other than personal, family, or household purposes. For example, automobiles which are used for business purposes. Such items are consumer products for the purposes of this legislation.” (HR Rep No 93-1107, 93 Cong, 2d Sess, reprinted in US Code Cong & Admin News, 1974, vol 4, pp 7702, 7717.)
Defendant argues that plaintiff’s admission at an examination before trial that the automobile was used mainly for business purposes precludes recovery under the Act and urges the court to apply an actual use test. Defendant relies on the case of Balser v Cessna Aircraft Co. (512 F Supp 1217), which articulated the appropriate test to determine coverage as the actual use of the product by the plaintiff. However, that court referred to cases interpreting a provision in subdivision (1) of section 9-109 of the Uniform Commercial Code, which defined goods as consumer goods if they are used or bought for use primarily for personal, family or household purposes.
The use of the word “primarily” in the Uniform Commercial Code requires a determination of the main or chief use of a product and centers attention on the actual use by a particular individual. In contrast, the use of the word “normally” in the Magnuson-Moss Act involves a determination of the product’s common, ordinary or usual use and focuses on the class-wide use of the product. The broad *608 policy of the Magnuson-Moss Act and its regulations indicates that a “type” or “class” analysis of a product is the appropriate test in resolving the issue of coverage. An individual’s deviation from the normal use of a particular type product will not affect its classification for purposes of the Act.
In Walsh v Ford Motor Credit Co. (113 Misc 2d 546) the court held that the Act did not apply to a tractor trailer because they are normally used for commercial trucking. A similar “class”-type determination was made in Crume v Ford Motor Co. (60 Ore App 224), in which the Oregon Court of Appeals found that the plaintiff’s occasional use of a flatbed truck to transport groceries did not transform it into a consumer product when its common, normal use was not for personal, family or household purposes.
Automobiles are commonly used for personal and family purposes and it is not unusual for them to also be used for business purposes. The Legislature recognized that automobiles are often used for dual purposes and determined, for whatever reason, that they should nevertheless be considered consumer products. (See 16 CFR 700.1 [a].) The particular use by a given individual is irrelevant to this determination. The court concludes that automobiles in general and plaintiff’s automobile in particular are consumer products within the meaning of the Magnuson-Moss Act.
For the foregoing reasons, defendant General Motors Corporation’s motion to dismiss or for summary judgment is denied.