DAVID LAIOSA et al., Appellants, v CAMELOT AMC/JEEP, LTD., Also Known as CAMELOT AMC/JEEP, RENAULT, et al., Respondents.

Third Department, November 27, 1985

**APPEARANCES OF COUNSEL**

*Lee Wasserman* for appellants.

*Hesson, Ford, Sherwood & Whalen (Robert P. McNally* of counsel), for American Motors Sales Corporation, respondent.

*Robert Abrams, Attorney-General (Herbert Israel, Peter Bien-stock, Stephen Mindell, Sara E. Nathan* and *Robert Vawter* of counsel), *amicus curiae.*

### OPINION OF THE COURT

MAIN, J. P.

Plaintiffs purchased a new 1983 Renault Alliance from defendant Camelot AMC/Jeep, Ltd. (hereinafter Camelot) on November 23, 1982. Defendant American Motors, Inc. (hereinafter American) had manufactured the car, which came with a full warranty that covered all defects in material and workmanship for the first 12 months or 12,000 miles, and a limited warranty that covered the car's powertrain for the second 12 months or 12,000 miles. Defendant American Motors Sales Corporation (hereinafter American Sales) was responsible for the implementation of these warranties. Beginning in May 1983, plaintiffs experienced problems with the car's transmission. Plaintiffs repeatedly returned the car to Camelot for repairs, but the transmission problems persisted. Finally, in April 1984, Camelot installed a new transmission in the car. Therefore, plaintiffs claimed that they experienced yet more problems with the car's clutch.

Plaintiffs commenced this action in May 1984 alleging causes of action under General Business Law § 198-a and the Magnuson-Moss Warranty Act (15 USC §§ 2301-2312) and for breach of both express and implied warranties. They then moved for summary judgment on the two statutory causes of action. Special Term, finding that factual issues were present, denied the motion with respect to the cause of action under the Federal statute. In addition, the court dismissed all claims against Camelot and granted summary judgment to American and American Sales dismissing the cause of action pursuant to General Business Law § 198-a. Special Term reasoned that, since General Business Law § 198-a did not go into effect until September 1, 1983, nearly 10 months after plaintiffs had purchased their car, it should not be applied to this case. Plaintiffs have appealed from the order entered upon Special Term's decision.*

---

* The portion of Special Term's order dismissing the claims against Camelot is not being argued on this appeal.

■ We first examine whether summary judgment was properly denied as to plaintiff's cause of action under the Magnuson-Moss Warranty Act (15 USC §§ 2301-2312). The Federal act provides to consumers who purchase defective products that are covered by full warranties (*see,* 15 USC § 2304) the right to ultimately "elect either a refund for, or replacement without charge of, such product[s]" (15 USC § 2304 [a] [4]). Such election may be made "after a reasonable number of attempts by the warrantor to remedy defects or malfunctions" (15 USC § 2304 [a] [4]). What constitutes a reasonable number of repair attempts has not, however, been heretofore defined by statute or regulation. Here, although there is no question that the warranty was a full warranty within the meaning of the statute and that the Magnuson-Moss Warranty Act is, therefore, applicable to this case, there exists a question of fact as to whether a reasonable number of repair attempts have already been made, thus entitling plaintiffs to relief under the Federal act. Because of the presence of such a factual issue, Special Term properly denied summary judgment on this cause of action (*see, Caliendo v Sutherland,* 92 AD2d 690).

■ We turn next to the question of whether Special Term erred in concluding that General Business Law § 198-a, commonly referred to as the automobile "lemon law", was inapplicable to plaintiffs' car purchase. Special Term reasoned that since plaintiffs had bought the car nearly 10 months before the law's effective date, General Business Law § 198-a did not extend to them. We disagree. Pursuant to General Business Law § 198-a (a) (1), a "consumer" to whom the benefits of the statute extend includes one who is "entitled by the terms of [a] warranty to enforce the obligations of the warranty". Where statutory language is clear and unambiguous, the court must construe the statute to give effect to the plain meaning of the words used in the statute (McKinney's Cons Laws of NY, Book 1, Statutes § 76; *see, People v Floyd J.,* 61 NY2d 895, 896; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345). Here, the statute is not in the least bit ambiguous as to the class of persons that it is meant to benefit. This being the case, we are constrained by the plain meaning of the statute to conclude that plaintiffs, who clearly were entitled by the terms of their warranty to enforce that warranty as of the statute's effective date, are entitled to the protection afforded by the statute.

■ Furthermore, we reject the argument that application of

General Business Law § 198-a to plaintiffs' purchase would result in an unconstitutional impairment of contractual obligations (US Const, art I, § 10). Because the warranty on the car purchased by plaintiffs was, as aforementioned, a full warranty already subject to the provisions of the Federal Magnuson-Moss Warranty Act, application of the State statute, which provides a remedy similar to that provided by the Federal act, will not result in a substantial impairment of any party's contractual rights (see, *Energy Reserves Group v Kansas Power & Light,* 459 US 400, 409-411, 413-416).

■ Although we find that General Business Law § 198-a may be applied in this case, we conclude, nonetheless, that the presence of issues of fact, such as whether the alleged defect substantially impairs the car's value (General Business Law § 198-a [c]), precludes the granting of summary judgment to plaintiffs. Such issues should more properly be resolved at trial. We have examined the remaining arguments and find them to be without merit.

CASEY, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the first cause of action against defendants American Motors, Inc., and American Motors Sales Corporation, and, as so modified, affirmed.