505 So.2d 587 (1987)
RESULTS REAL ESTATE, INC., Appellant,
v.
LAZY DAYS R.V. CENTER, INC., a Florida Corporation, Winnebago Industries, Inc., an Iowa Corporation, and Chevrolet Motor Division, a Division of General Motors Corporation, Appellees.
No. 86-427.
District Court of Appeal of Florida, Second District.
April 10, 1987.
Michael J. Keane, of Keane, Hayes & Reese, P.A., St. Petersburg, for appellant.
*588 Ted R. Manry, III, and John W. Campbell, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee Lazy Days R.V. Center.
Mark E. Grantham, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee Winnebago Industries.
Jeffrey N. Kramer, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee Gen. Motors Corp.
DANAHY, Chief Judge.
In this case the trial court ruled that a corporation which purchases a new motor vehicle is not a "consumer" protected by Florida's new "Lemon Law."[1] With that ruling the trial court dismissed the complaint brought by appellant against the manufacturers and dealer of a recreational vehicle. We hold that the trial court construed the statute too narrowly and, accordingly, reverse and reinstate the complaint.
In 1983 the legislature enacted chapter 681 of our statutes providing protection to purchasers of new motor vehicles. This remedial statute requires manufacturers to conform the vehicle to all express warranties issued by the manufacturer. Appellant, a Florida corporation, brought this suit under the statute alleging performance of all conditions precedent by it and the failure of the vehicle to conform to several express warranties.
We focus on the narrow legal point ruled on by the trial court by first examining the following portion of section 681.102, Florida Statutes (1985):
681.102(3) "Consumer" means the purchaser, other than for purposes of resale, of a motor vehicle primarily used for personal, family, or household purposes; any person to whom such motor vehicle is transferred for the same purposes during the duration of an express warranty applicable to such motor vehicle; and any other person entitled by the terms of such warranty to enforce the obligations of the warranty.
The trial court agreed that appellant was a "person" who had purchased a motor vehicle but that it was not a "consumer" as defined in the Act. This was so, reasoned the court, since the legislature intended that the protections afforded by the Act apply solely to purchasers who are natural persons, not corporations. We disagree and hold that the Act is neither so narrowly drawn nor its benefits so narrowly intended.
The intent of the legislature in passing section 681.101, Florida Statutes (1985), was expressed in the following manner:
681.101 Legislative intent.  The Legislature recognizes that a motor vehicle is a major consumer purchase and that a defective motor vehicle undoubtedly creates a hardship for the consumer. The Legislature further recognizes that a duly franchised motor vehicle dealer is an agent of the manufacturer. It is the intent of the Legislature that a good faith motor vehicle warranty complaint by a consumer be resolved by the manufacturer, or its agent, within a specified period of time. It is further the intent of the Legislature to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer. However, nothing in ss. 681.10-681.108 shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law.
It is clear that this remedial legislation was enacted to protect purchasers of new motor vehicles by requiring manufacturers to conform these vehicles to all express warranties given by the manufacturer. The statute establishes a mechanism requiring orderly manufacturer response to and resolution of complaints of any warranty nonconformity. Informal dispute settlement procedures are required where the *589 manufacturer has established a program for that purpose. The statute sets up a dispute resolution panel and it appears that informal proceedings utilizing principles of arbitration and mediation are meant to result in speedy and inexpensive resolution of warranty disputes. Indeed, if a consumer doesn't first utilize these statutory procedures, the consumer may not benefit from the repair or replacement provisions otherwise established by the Act.
In our study of the three clauses set apart by semicolons in the definition section of the statute, we discern no legislative intent which would completely foreclose application of the Act to purchasers who take title to the vehicle in a corporate name. It can be argued that clauses one and two of section 681.102(3) are meant to apply to natural persons only since the specific purposes identified which entitle the purchaser or transferee to the benefits of the Act are "personal, family or household" uses. Even if that be so, there is no reason to restrict the application of the third clause, which merely states "any other person entitled by the terms of such warranty to enforce the obligations of the warranty," to deny purchasers using the corporate form the protections of the Act. The third clause does not contain the same "personal, family or household" use restriction as do the first and second clauses. As we construe this third clause, even small, solely owned corporations who purchase a new motor vehicle will be able to take advantage of this remedial legislation, regardless of the fact that it may be the sole or majority shareholder of that corporation who has the vehicle for primarily personal use. It appears to us that this third clause is a catchall category intended to apply to anyone to whom the manufacturer has made the express warranties available and who is not a purchaser or transferee falling under the first or second definitional clauses of the statute.
Our holding does no violence to the rule of ejusdem generis wherein general language following specific language should be restricted to a meaning analogous to the specific. To assure that this third clause contain some meaning, and so as to not construe this clause as enacted by the legislature completely out of existence, we limit application of ejusdem generis in this instance. We do so because we find that the first two clauses appear to exhaust the class of consumers; therefore, "there can be nothing left for the rule to operate on, and a meaning must be given to the general words different from that indicated by the specific words, or there can be ascribed to them no meaning at all." 73 Am.Jur.2d Statutes § 215 (1974). See also Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980) (ejusdem generis does not necessarily require general provision limited to identical things specifically named, otherwise subsequent general phrase rendered entirely inoperative).
Our construction of the definition of "consumer" allows the broad purpose of the Act to be implemented protecting any person's investment in the warranted vehicle, whether the investment represents a small or large portion of that person's assets. The prompt and effective remedies provided by the statute in the event of breach will thus be available to all consumers of new motor vehicles. Cf. Business Modeling Techniques, Inc. v. General Motors Corp., 123 Misc.2d 605, 474 N.Y.S.2d 258 (N.Y. Sup. Ct. 1984) (motor vehicles often used for business purposes as well as personal and family uses; corporation is a person for purposes of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3) (1976)). Moreover, our construction avoids the harsh result of the trial court's decision in foreclosing a complete class of "persons" from the benefits of the Act  a result we believe was not intended by the legislature.
We reverse the judgment of the trial court and remand for reinstatement of appellant's complaint.
Reversed and remanded.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] The "Florida Motor Vehicle Warranty Enforcement Act," chapter 681, Florida Statutes (1983).