OPINION OF THE COURT
Norman C. Ryp, J.
a. issues:
(1) Whether the doctrine of privity bars recovery by an automobile’s lessee of economic losses under the manufacturers’ implied warranty?
(2) Whether the Magnuson-Moss Warranty Act protects a corporate lessee, with an option to purchase, with a mixed personal-corporate use?
Two issues of first impression in the First Department.
Plaintiff, Stuart Becker & Co. (Becker), moves pursuant to CPLR 3215 to enter a judgment on default as against defendant, Tilden of New Jersey, Inc. (Tilden), on the grounds that Tilden defaulted in appearance and pleading. Defendant, Maserati Automobiles Incorporated (Maserati), moves pursuant to CPLR 3211 (a) (7) for an order dismissing this action as against Maserati for failure to state the fourth, fifth and sixth causes of action of the complaint. Plaintiff Becker’s CPLR 3215 motion and defendant Maserati’s CPLR 3211 (a) (7) motion are consolidated for disposition herein.
b. facts:
On March 31, 1984 plaintiff Becker entered into a written lease with defendant Regency Leasing Associates II (Regency) of a 1984 Maserati Quattroporte automobile. Regency is a lessor of Maserati automobiles allegedly associated with defendant, Steven Kessler Motor Cars Inc. (Kessler), a Maserati dealer. Simultaneous with the execution of the lease agreement between Becker and Regency, Regency assigned its rights under the lease to defendant Tilden, which allegedly had financed Regency’s purchase of the Maserati automobile.
The lease provided that Becker was solely responsible for all insurance coverage, repairs and replacement of parts and that "Lessor grants to Lessee during the lease term such of Vehicle *1071 Manufacturer’s warranties which Lessor holds as Vehicle purchaser and as it may grant by provisions of same”. Further, the lease provided that at any time before the end of its term, plaintiff had an option to purchase the car for $24,000, plus all rentals and other charges that were past due, if any, "and also the full amounts of future rentals for the balance, if any, of the entire term stated in the lease.”
Becker took possession of the Maserati automobile on or about April 6, 1984, and shortly thereafter, plaintiff alleges, the Maserati automobile began to manifest numerous defects and malfunctions of its cooling, exhaust and air-conditioning systems. Engine noise was consistently excessive. The automobile also experienced recurrent malfunctioning of the driver-side seat belt. Becker repeatedly returned the Maserati automobile to defendants, Kessler and Regency, for repairs, however, defendants were unable to repair the car to Becker’s satisfaction. On August 22, 1986 plaintiff returned the Maserati automobile to defendants Regency and Tilden.
C. ANALYSIS, FINDINGS AND CONCLUSIONS OF LAW:

(1) Becker’s CPLR 3215 motion for default judgment against Maserati.

Plaintiff has moved to enter a default judgment against defendant, Tilden. To vacate a default, the moving party must allege and demonstrate a reasonable excuse for its delay in appearing and answering the complaint and the existence of a meritorious defense to the action. (Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Gray v B. R. Trucking Co., 59 NY2d 649, 650 [1983].) Tilden’s meritorious defense is stated in its proposed answer and affirmation in opposition to this motion. It claims that its sole involvement in the transaction was as assignee of defendant Kessler’s right to receipt of payment under the lease agreement. Additionally, Tilden submits that despite its negligent failure to retain counsel after service of process, it immediately did so after service of the instant motion.
It appears these allegations are sufficient to vacate its default hereunder and defeat plaintiff’s CPLR 3215 motion. (See, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra.) Thus, Tilden’s application for leave to interpose the proposed answer in the form annexed to exhibit A of Tilden’s affirmation in opposition is granted and deemed served herein.

*1072
(2) Maserati’s CPLR 3211 (a) (7) motion to dismiss the fourth, fifth and sixth causes of action.

In addition, defendant Maserati has moved under CPLR 3211 (a) (7) to dismiss all (i.e., fourth, fifth and sixth) causes of action alleged against movant. In support, Maserati contends the (a) express warranty claim does not apply to the lease herein, as distinct from a purchase; and (b) Lemon Law and Magnuson-Moss claims apply only to products purchased by consumer individuals for personal use, not to corporate lessees. In opposition, plaintiff claims thereunder that (a) Maserati breached its expressed and implied warranties relating to the automobile, (b) Maserati breached General Business Law § 198-a (New York Lemon Law), and (c) Maserati violated 15 USC § 2301 et seq. (Magnuson-Moss Warranty Act).

(a) Fourth cause of action (warranties).

Upon review of the motional submissions, it appears that an express limited warranty was given by Alfieri Maserati S. p. A. to the owner of the automobile to "begin at the date the car is delivered to the first retail purchaser or is first placed in service as a demonstrator or company car, whichever is earlier”; such warranty states that the "selling dealer will repair or replace, free of charge, any parts, except tires, tire tubes and radios, found under normal use within the Continental limits of the United States of America to be defective in factory materials or workmanship within twelve (12) months or 12,000 miles of use, whichever occurs first.” In support, defendant Maserati alleges that the automobile was purchased by Regency, a commercial dealer, and never delivered to a retail purchaser as is required to trigger the warranty protections. Maserati points out that the lessee, Becker, never opted to purchase the automobile and even if Becker bought the automobile, the warranty was in effect only as to Regency, since the warranty was not transferrable without "submission of a completed transfer of ownership card” to Maserati.
The original certificate of sale states that the purchaser was defendant Regency. The lease agreement between Regency and Becker "grants to Lessee during the lease term such of Vehicle Manufacturer’s warranties which lessor holds as Vehicle purchaser.” After thorough review of all applicable law, this court finds, in fact and law, that the warranty was triggered by the sale of the automobile to the dealer Regency *1073 and that plaintiff Becker is entitled to all those rights and remedies assigned to it under the lease agreement between Regency and Becker. (See, Brandt & Brandt v Porsche/Audi Manhattan, NYLJ, Oct. 31, 1986, at 12, col 5 [Sup Ct, NY County 1986]; Abraham v Volkswagen of Am., 795 F2d 238 [2d Cir 1986]; Randy Knitwear v American Cyanamid Co., 11 NY2d 5 [1962].)
The implied warranty theory relied upon by plaintiffs arise under UCC 2-314 and 2-315. Traditionally, New York has required privity of contract between a manufacturer and a successive retail purchaser along the distribution chain before implied warranty claims for economic loss will be enforced. (See, Miller v General Motors Corp., 99 AD2d 454 [1st Dept 1984], affd 64 NY2d 1081 [1985]; Jaffe Assocs. v Bilsco Auto Serv., 89 AD2d 785 [4th Dept 1982], affd 58 NY2d 993 [1983].) Under the distinguishable facts of this case, it was clear to defendant Kessler, the automobile dealer, that Regency was an automobile leasing enterprise. As distinct from a remote purchaser further along the distributive chain, when a lessee, such as Becker, leases an automobile from an automobile leasing enterprise well known to the automobile dealer, the lessor and lessee, since both have identical interests when not acting together to remedy the automobile’s defect, should be viewed as a single unit to avoid the application of the doctrine of privity, and the absence of a direct contractual relationship between Becker, the manufacturer and seller of the car should not bar recovery by Becker. Without any direct case law guidance from the First Department or the Court of Appeals, this court follows the Second Department’s cogent opinion whose appeal has been dismissed by the Court of Appeals. (See, Carbo Indus. v Becker Chevrolet, 112 AD2d 336, 340 [2d Dept 1985], appeal dismissed 66 NY2d 1035 [1985].) Thus, Becker’s fourth cause of action is sustained herein.

(b) Fifth cause of action CLemon Law” claim).

The fifth cause of action charges that defendant Maserati breached General Business Law § 198-a, the Lemon Law. The New York Lemon Law was amended, effective August 2, 1986, inter alla, to expand the definition of "consumer” to apply to lessees of automobiles (see, L 1986, ch 799). Generally, such substantive amendments are prospective in application, unless the language either expressly or impliedly requires a retroactive application. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b].) Plaintiff submits no supporting evidence to *1074 demonstrate retroactive intent of the Legislature. Plaintiff’s cited case, Laiosa v Camelot AMC/Jeep (113 AD2d 145 [3d Dept 1985]), to support retroactive application is distinguishable. In Laiosa, the warranty term had not expired on the effective date of the Lemon Law. Here, plaintiff’s warranty expired in early April 1985, over one year prior to the enactment of the 1986 amendment. Therefore, General Business Law § 198-a cannot apply to the March 31, 1984 lease agreement between Regency and Becker; accordingly, the fifth cause of action is dismissed against all defendants, including Maserati.

(c) Sixth cause of action CMagnuson-Moss claim”).

Finally, Maserati seeks to dismiss the sixth cause of action —that defendants violated the Magnuson-Moss Warranty Act. The act applies to a "consumer” defined as "a buyer * * * of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).” (15 USC § 2301 [3].)
Narrow or enclusive interpretation of a "consumer” has been previously rejected. (See, Business Modeling Techniques v General Motors Corp., 123 Misc 2d 605 [Sup Ct, Monroe County 1984]; see, Note, Disengaging Sales Law from the Sale Contract: A Proposal to Extend the Scope of Article 2 of the UCC, 96 Harv L Rev 470, 475 [1982]; cf., Barco Auto Leasing Corp. v PSI Cosmetics, 125 Misc 2d 68 [Civ Ct, NY County 1984], including the analysis and authorities cited therein.) The issue in this case, as applied to the Magnuson-Moss Warranty Act (15 USC § 2301 et seq.), is whether Becker, a corporate lessee, is a buyer within the definition of consumer. An automobile lease was held not to be a sale in Barco Auto Leasing Corp. v PSI Cosmetics (supra). (See also, Brandt & Brandt v Porsche/Audi Manhattan, supra.) However, in Business Modeling Techniques v General Motors Corp. (supra), the Supreme Court extended the act’s protection to a corporate lessee of an automobile. The transaction in this case, involving a 1984 sports car with mixed personal and business use, while cast in the form of an open-ended lease, contains most of the characteristics of a sale, i.e., personal guarantee, option to purchase and lessee responsibility for insurance and repairs.
*1075 Thus, finding, in fact and law, that the terms and conditions of this lease are no different from those under a conditional sales contract, this court holds this lease analogous to a "sale” for the purposes of the Magnuson-Moss Warranty Act. (See, Uniflex, Inc. v Olivetti Corp., 86 AD2d 538, 539 [1st Dept 1982], and authorities cited therein; Murray, Under the Spreading Analogy of Article 2 of the Uniform Commercial Code, 39 Fordham L Rev 447, 451 [1970].)
n. conclusion:
Accordingly, plaintiffs CPLR 3215 motion against defendant Tilden is denied subject to plaintiffs right of reply written 20 days after service of a true copy of the order to be settled hereunder, with notice of entry; defendant Maserati’s CPLR 3211 (a) (7) motion to dismiss is granted only to the extent of dismissing plaintiffs fifth cause of action; otherwise denied.