Mr. Ken van Assenderp Attorney for Hernando County Tax Collector Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. van Assenderp:
You ask substantially the following question:
 Are the state and its agencies subject to the $2 fee imposed pursuant to s. 681.117, F.S. (1988 Supp.)?
In sum, I am of the opinion that:
 The state and its agencies, in the absence of a clear expression by the Legislature, are not subject to the $2 fee imposed pursuant to s. 681.117, F.S. (1988 Supp.).
Chapter 681, F.S. (1988 Supp.), is the Motor Vehicle Warranty Enforcement Act,[1] which establishes procedures for resolution of complaints relating to motor vehicle warranty nonconformities.
Section 681.117, F.S. (1988 Supp.), provides:
 A $2 fee shall be collected by a motor vehicle dealer, or by a person engaged in the business of leasing motor vehicles, from the consumer at the consummation of the sale of a motor vehicle or at the time of entry into a lease agreement for a motor vehicle. Such fees shall be remitted to the county tax collector or private tag agency acting as agent for the Department of Revenue. . . .
"Consumer" is defined for purposes of the act to mean
 the purchaser, other than for purposes of resale, or the lessee, of a motor vehicle primarily used for personal, family, or household purposes; any person to whom such motor vehicle is transferred for the same purposes during the duration of the Lemon Law rights period; and any other person entitled by the terms of the warranty to enforce the obligations of the warranty.[2]
Corporations are included within the above definition.[3]
However, neither s. 681.117, F.S. (1988 Supp.), nor any other provision of Ch. 681, F.S., expressly provides that governmental entities, state or local, are subject to the above fee.
Ordinarily, the state and its agencies are not considered to be within the purview of a statute unless the intention to include them is clearly manifested.[4] As this office has previously stated, "[t]he government, whether federal or state, and its agencies are not ordinarily to be considered as within the purview of a statute, however general and comprehensive the language of act may be, unless intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication."[5]
An examination of the legislative history surrounding the enactment of s. 689.117, F.S. (1988 Supp.), failed to reveal any evidence of legislative intent regarding the imposition of such fees on the state and its agencies. As no express intention appears in s. 681.117, F.S. (1988 Supp.), to make the provisions of the statute applicable to the state and its agencies, I am of the opinion, until legislatively or judicially determined otherwise, that the state and its agencies are not subject to the fee imposed pursuant to s. 689.117, F.S. (1988 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 681.10, F.S.
[2] Section 681.102(3), F.S. (1988 Supp.).
[3] See, Results Real Estate, Inc. v. Lazy Days R.V. Center, Inc.,505 So.2d 587 (2 D.C.A.Fla., 1987) (corporation which purchased new motor vehicle is a "consumer" protected by Motor Vehicle Warranty Enforcement Act). Cf., s. 1.01(3), F.S. (1988 Supp.), defining the term "person" generally for purposes of the Florida Statutes to include "individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations."
[4] See, 3 Sutherland Statutory Construction s. 62.01 (4th ed. 1986); and State v. Peninsular Telephone Co., 75 So. 201
(Fla. 1917) (city or county, being a governmental as well as corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of former s. 364.01, F.S., providing for the regulation of telegraph and telephone companies by the former railroad commission). And see, Duval County v. Charleston Lumber Mfg. Co., 33 So. 531 (Fla. 1903); City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949); AGO's 74-261, 80-68 and 80-100.
[5] See, Attorney General Opinion 83-42, quoting 82 C.J.S. Statutes s. 317 (general doctrine applies with special force to statutes under which liabilities would be imposed on the government). Accord, AGO's 61-70, 71-75, 74-113, 78-41 and 87-29 (state and its agencies are not considered as within the purview of a statute, however, general or comprehensive the language of such statute may be, unless an intention to include them is clearly manifested).