THREADGILL, Judge.
Raymar Construction Company, Inc. appeals a final judgment finding it liable for the cost of repairs made on a motor vehicle titled in its name. We find the trial court erred in ruling as a matter of law that the Florida Motor Vehicle Repair Act, section 559.901, et seq., Florida Statutes (1987), did not apply to this transaction and reverse.
This case arose in October of 1986 when a Mercedes-Benz sedan driven by Mrs. Max Borges and titled in the name of her husband’s business, Raymar Construction Co., Inc., broke down. At the instruction of her husband, Mrs. Borges had the car towed to Advanced Auto Systems. Mr. Borges later went to Advanced Auto Systems and completed the top of an invoice form, listing himself as the customer. No price foy repair was then discussed and he signed no written authorization.
Several days later Mr. Borges and Appel-lee Lopez-Soto of Advanced Auto Systems discussed the problem at a civic club luncheon and, in front of others, agreed upon a repair price of $3,600. At the request of Lopez-Soto, Borges paid $1,300 in advance and asked that the bill be made out to Raymar as he was paying with a company check. Borges subsequently made additional payments for parts with company checks of $700 and $750.
Although testimony at trial was conflicting about oral authorization of additional repairs, it was undisputed that no written estimate was ever prepared. When Borges went to pick up his car some two months later, he received a final bill of $8,291.11. Borges refused to pay more than the $1,250 unpaid balance on the $3,600 oral estimate. Appellees refused to release the car, and Borges posted a $5,000 bond for its return in his own name. The appellees filed suit to recover the unpaid balance, naming Borges individually as the defendant.
After a non-jury trial, the trial court entered final judgment against Raymar, noting that the parties had stipulated to the substitution of Raymar, the title holder, as party defendant. The court specifically found that Borges had instructed the repair shop to bill his company and that the shop subsequently had learned that the car was owned by the company. These findings appear to be the basis for the trial court’s further finding that Raymar, “which is not a natural person,” was the customer in this transaction.
We address here only the applicability of the Florida Motor Vehicle Repair Act which is expressly limited to consumer transactions. § 559.902, Fla.Stat. The final judgment is based on the conclusion of the trial court that the act, which requires written estimates for auto repairs above fifty dollars, was inapplicable because this was not a consumer transaction. In so finding, the trial court relied on language in section 559.902 stating that a consumer transaction “may be characterized as one in which the customer is a natural person requesting repair work on a motor vehicle which is used: 1) Primarily for personal, family, or household purposes; or 2) In connection with a business owning or operating fewer than five motor vehicles.”
We believe that this was a consumer transaction within the protection of the Motor Vehicle Repair Act. We note in passing *284 that rather than strictly defining consumer transaction” with other relevant terms in section 559.903, the legislature used more permissive language and merely “characterized” transactions unquestionably within the scope of the act. But even under the characterization specified in section 559.902, we find that the trial court erred in ruling that this was not a consumer transaction, because it was Borges, a natural person, who requested this repair work on a motor vehicle which was used primarily for personal purposes and in connection with a business owning fewer than five vehicles.
In so holding we follow the general principle that remedial statutes are entitled to a liberal construction so as to advance the remedy provided where it is consistent with the legislative purpose. 49 Fla:Jur.2d, Statutes, § 188. We think the intent of the legislature in the Motor Vehicle Repair Act was to protect consumers from the misunderstandings which can result from oral estimates, Osteen v. Morris, 481 So.2d 1287, 1290 (Fla. 3d DCA 1986); Reagan v. Luke Bolton Ford, Inc., 12 Fla.Supp. 158, 160 (Fla.Broward Cty.Ct.1985), and find nothing in the statute to indicate that the legislature intended to exclude those who title vehicles used primarily for personal use, or in connection with a business owning fewer than five vehicles, in a corporate name. Compare Results Real Estate, Inc. v. Lazy Days R. V. Center, Inc., 505 So.2d 587 (Fla. 2d DCA 1987) (holding that trial court construed consumer statute too narrowly by finding corporations ineligible for consumer protection).
We reverse the final judgment and remand for further proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY, J., concur.