OPINION OF THE COURT
Walter B. Tolub, J.
In June 1999, plaintiff, Mark A. DiCintio, leased a 1999 Jeep Grand Laredo, manufactured by defendant DaimlerChrysler Corporation (Chrysler), from defendant Adzam Auto Sales, Inc. (Adzam) for a monthly payment of nearly $400. Plaintiff received several written warranties, including a three-year or 36,000-mile warranty. Title to the vehicle did not pass to plaintiff. At the conclusion of the three-year lease term, *669 plaintiff had. the option to purchase the vehicle for its projected residual value.
Plaintiff commenced the instant action against defendants alleging that the car is defective and cannot be utilized for its intended use.[1] In his complaint, plaintiff claims that he brought the vehicle in for repairs approximately six or seven times within the first four months of the lease. He claims numerous violations of the warranties, including a defective transmission and defective steering. He further alleges that Chrysler has failed to honor the warranty in that it has not repaired or replaced the vehicle.
Plaintiff alleges five causes of action: (1) breach of written warranty against Chrysler under the Magnuson-Moss Warranty Act (the Warranty Act), 15 USC § 2301 et seq.; (2) breach of implied warranty against defendants under the Warranty Act and UCC 2-314 and 2-318; (3) revocation of acceptance against defendants under the Warranty Act; (4) costs, fees, and expenses against defendants under the Warranty Act; and (5) improper delivery against defendants under UCC 2-601.
In their instant preanswer dismissal motion, defendants contend that the first cause of action against Chrysler based on violations of the Warranty Act should be dismissed because it does not apply to the instant auto lease given that the lease contains an option to purchase the car at the conclusion of the lease term.[2] They argue that the plain language of the Warranty Act provides that warranty obligations created under it do not arise unless there has been an initial “sale” of the consumer product (see, 15 USC § 2301 [6], [7]).
Plaintiff, on the other hand, argues that he is an individual to whom a consumer product was transferred, and, as statutes with a remedial purpose are to be construed broadly, the Warranty Act applies to this action. In any event, plaintiff contends that a lease with an option to purchase, as here, is covered by the Warranty Act because it is analogous to a sale.
*670 The few New York courts that have addressed this issue have reached different conclusions (compare, Becker & Co. v Kessler Motor Cars, 135 Misc 2d 1069, 1074-1075 [Sup Ct, NY County 1987] [the lease is analogous to a sale for the purposes of the Warranty Act because it contains most of the characteristics of a sale, such as a personal guarantee, an option to purchase, and lessee responsibility for insurance and repairs] and Business Modeling Techniques v General Motors Corp., 123 Misc 2d 605, 606 [Sup Ct, Monroe County 1984] [plaintiff is a consumer entitled to invoke the protections of the Warranty Art because its provisions extend to individuals to whom the product is transferred and to the person in possession of the product during the time in which the warranty is in effect], with Brandt & Brandt v Porsche/Audi Manhattan, NYLJ, Oct. 31, 1986, at 12, cols 5, 6, 1986 WL 55319, *1 [Sup Ct, NY County] [dismissing causes of action seeking recovery pursuant to the Warranty Act because “the plaintiff was not a buyer but a lessee and the fact that plaintiff later bought the car does not change its status at the time of the alleged breach”], affd 130 AD2d 986 [1st Dept 1987]; Barco Auto Leasing Corp. v PSI Cosmetics, 125 Misc 2d 68, 70, n 1 [Civ Ct, NY County 1984] [“coverage under the statute is lacking since no ‘sale’ occurred”]).[3] Decisions in other jurisdictions also show divergent results (see, Corral v Rollins Protective Servs. Co., 240 Kan 678, 687, 732 P2d 1260, 1267 [1987] [“the Act literally covers only warranties on a consumer product ‘sold’ to a consumer”]; Sellers v Griffin AMC Jeep, 526 So 2d 147, 156 [Fla Dist Ct App 1988] [the Warranty Act seeks to provide adequate warranty protection to consumers acquiring goods from broadly defined suppliers, but it speaks in terms of an initial sale to a buyer in which warranties are made by the seller, and as such, it does not apply to a pure lease of automobiles or other consumer goods unless the lease bears a significant relationship to an actual purchase and sale]; Freeman v Hubco Leasing, 253 Ga 698, 702, 324 SE2d 462, 467 [1985] [lease of a new automobile is covered by the Warranty Act]; Henderson v Benson-Hartman Motors, 33 Pa D & C 3d 6 [Pa Ct Common Pleas 1983] [Warranty Act applies to a transaction cast in the form of a lease that has most of the characteristics of a sale]).
*671 Given the divergency, this court turns to the Warranty Act’s legislative history to resolve this issue. Numerous sources indicate that the primary purpose of the Warranty Act was to protect the public interest with respect to consumer products. For example, the House of Representatives Report stated that the goals of the legislation include making “warranties on consumer products more readily understood and enforceable” and providing “the Federal Trade Commission (FTC) with means of better protecting consumers” (see, HR Rep No. 1107, 93rd Cong, 2d Sess, reprinted in 1974 US Code Cong & Admin News 7702). More importantly, there was concern about these issues as they related to the automobile industry (see, id., at 7708 [“In mid-1965 the FTC directed its staff to undertake a limited field investigation to determine whether there was sufficient evidence of the failure of American car manufacturers to perform in accordance with their new car warranties to justify additional steps being taken to protect the public interest”]; Motor Vehicle Mfrs. Assn. v Abrams, 899 F2d 1315, 1317 [2d Cir 1990], cert denied 499 US 912 [1991] [“After many years of study, and partially in. response to ‘a rising tide of complaints . . . from irate owners of motor vehicles complaining that automobile manufacturers and dealers were not performing in accordance with the warranties on their automobiles,’ * * * Congress passed the Magnuson-Moss Warranty Act * * * in 1975”], quoting HR Rep No. 1107, 93 Cong, 2d Sess, reprinted in 1974 US Code Cong & Admin News 7702, 7708). Thus, the goal of the Warranty Act is to protect those who use warranted goods with a broad interpretation of who is included in the definition of “consumer” (see, Becker & Co. v Kessler Motor Cars, supra, 135 Misc 2d, at 1074 [“Narrow or enclusive interpretation of a ‘consumer’ has been previously rejected”]; Business Modeling Techniques v General Motors Corp., supra, 123 Misc 2d, at 606 [“the broad purpose of the Act (is) to protect the value in the use of warranted goods”]). Indeed, to that end, courts have ruled that the language in such remedial legislation “should be construed liberally to effectuate its purpose” (see, Schiavone v Pearce, 79 F3d 248, 256 [2d Cir 1996]).
Against this background, this court concludes that the Warranty Act is applicable to plaintiff even though the lease at issue provides him with the option to purchase the vehicle at the end of the lease period. It would make little sense to conclude that plaintiff is not entitled to the Warranty Act’s benefits during the three-year lease term, but that he would be protected by the Warranty Act if he chose to purchase the car upon the *672 lease’s expiration three years later. The Warranty Act’s objective is clear — to protect the public interest against manufacturers’ abuses by enforcing warranties on consumer products regardless of whether an individual is a lessee or a consumer.
Accordingly, defendants’ motion seeking to dismiss the first cause of action against Chrysler is denied.
That branch of defendants’ motion to dismiss the second cause of action against defendants for breach of implied warranty under the Warranty Act is granted as to Chrysler and denied as to Adzam.[4] New York does not recognize a breach of implied warranty claim in which economic losses have been sustained absent privity of contract (see, Gordon v Ford Motor Co., 239 AD2d 156 [1st Dept 1997]). Despite plaintiff’s attempts, privity between him and Chrysler cannot be based on the fact that Adzam is Chrysler’s sales agent. Here, the language in the sales and service agreement between Chrysler and Adzam clearly provides that there is no principal/agent relationship between them and “under no circumstances is either party to be considered the agent of the other” (see, Goodrich reply affidavit, exhibit A, sales and service agreement 36).
For the same reasons set forth above, plaintiff’s third cause of action against Chrysler for rejecting his revocation of the lease is dismissed. This cause of action is also dismissed as against Adzam because plaintiff has failed to allege that he notified Adzam of his intent to revoke his prior acceptance of the car (see, UCC 2-608 [2]). Further, given that Adzam is not an agent of Chrysler, plaintiff’s revocation notification to Chrysler cannot be imputed to Adzam.
The court denies defendants’ motion to dismiss the fourth cause of action given that the Warranty Act permits a prevailing party to recover costs and expenses, including attorneys’ fees (see, 15 USC § 2310 [d] [2]).
In his fifth cause of action, plaintiff alleges that the car was delivered in violation of UCC 2-60Í (a) given that it failed to conform to the contract for a new vehicle. In moving to dismiss this claim, defendants argue that there is no privity of contract between plaintiff and Chrysler, that plaintiff failed to notify Adzam properly, and that plaintiff’s acceptance precludes any rejection. Plaintiff, on the other hand, counters that a consumer may maintain a cause of action for improper delivery *673 regardless of privity and that he properly rejected the automobile.
Pursuant to UCC 2-711 and 2-713, the only remedies available for improper delivery are against the seller (see, Curtis v Fordham Chrysler Plymouth, 81 Misc 2d 566, 568 [Civ Ct, Bronx County 1975] [“Chrysler did not sell the car to plaintiff and it is difficult to see how an action for the purchase price would lie against Chrysler, since the underlying cause of action is based upon rescission”]). As such, this cause of action cannot be asserted against Chrysler.
As to Adzam, rejection of goods “is ineffective unless the buyer seasonably notifies the seller” (see, UCC 2-602 [1]). Absent from the complaint is any allegation that plaintiff notified Adzam of his rejection of the car. In fact, plaintiff states in his affidavit that he had a discussion with an individual whom he believes was Adzam’s general manager, and that he informed such individual “that I wished to either terminate the Lease or have another equivalent vehicle substituted into the Lease” (DiCintio opposition affidavit H 23).
Accordingly, defendants’ motion to dismiss the fifth cause of action is granted, and it is dismissed.
Ordered that defendants’ motion to dismiss the complaint is granted to the extent of dismissing the second cause of action as against Chrysler, the third and fifth causes of action as against both defendants, and is otherwise denied; and it is further ordered that defendants are directed to serve an answer to the complaint within 10 days after service of a copy of this order with notice of entry.

. Chrysler rejected plaintiffs letter, dated October 28, 1999, wherein he revoked his acceptance of the car and the lease.

. The Warranty Act provides that a consumer who is damaged by a warrantor’s failure to comply with an implied or written warranty may recover damages and equitable relief (see, 15 USC § 2301 [3] [“The term ‘consumer’ means a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)”]).

. Plaintiffs reliance on Beyer v DaimlerChrysler Corp. (Sup Ct, Suffolk County, Apr. 10, 2000) to support his argument that auto leases with an option to purchase, as here, are covered by the Warranty Act is misplaced. Contrary to plaintiffs reading, the court in Beyer merely noted the split in authority on the issue and did not directly resolve the issue in denying the dismissal motion.

. Adzam argues that this claim should be dismissed as against it because the Warranty Act is inapplicable to this action. The argument is unavailing. As noted earlier, this court found to the contrary.