■ DAVID Z. GORDON et al., Respondents, v FORD MOTOR COMPANY, Appellant. [657 NYS2d 43] —Order, Supreme Court, New York County (Walter Schackman, J.), entered January 11, 1996, which, *inter alia*, denied defendant's motion for summary judgment dismissing plaintiff's causes of action for breach of express and implied warranties, and order, same court and Justice, entered August 6, 1996, which, upon reargument, adhered to the prior order, unanimously affirmed, with costs.

Plaintiffs, purchasers or lessees of automobiles manufactured by defendant, allege that they sustained economic loss by reason of various defects in the automobiles, and, as the matter now stands, are left with breach of express warranty and breach of the implied warranty of merchantability as possible theories of recovery. Defendant correctly argues that there can be no implied warranty absent privity between itself and plaintiffs (*see, Jaffee Assocs. v Bilsco Auto Serv.*, 58 NY2d 993), but, as motion court explained, such privity would exist if the dealerships with which plaintiffs dealt were defendant's sales or leasing agents, and disclosure is needed with respect to the latter possibility. Concerning the express warranty claim, we reject defendant's argument, at this juncture, that it should be granted summary judgment as to those particular alleged defects that plaintiffs made no attempt to justify either in their discovery responses or opposition to the instant motion (*see*, CPLR 3212 [g]). We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY CARTER, Appellant. [657 NYS2d 893] —Judgment, Supreme Court, Bronx County (Irene Duffy, J., at *Wade* hearing; William Donnino, J., at plea and sentence), rendered February 3, 1995, convicting defendant of attempted murder in the second degree, and robbery in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 and 2 to 4 years, respectively, unanimously affirmed.

Defendant's valid waiver at his plea allocution of his right to challenge, *inter alia*, all identification procedures used by the police, including the use of a photo array of suspects by an eyewitness and a subsequent lineup, forecloses appellate review. Concur—Sullivan, J. P., Milonas, Wallach and Mazzarelli, JJ.