■ MARK DICINTIO, Respondent-Appellant, v DAIMLER-CHRYSLER CORPORATION et al., Appellants-Respondents. [724 NYS2d 717] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about August 28, 2000, which granted in part and denied in part defendants' motion pursuant to CPLR 3211 to dismiss the complaint, unanimously modified, on the law, to deny in full defendants' motion with respect to plaintiff's second and third causes of action, and to reinstate those causes to the extent that they were dismissed, and to grant defendants' motion insofar as to dismiss plaintiff's fourth cause of action, and otherwise affirmed, without costs.

Plaintiff's first cause of action for breach of written warranty under the Magnuson-Moss Warranty Act (15 USC § 2301 *et seq.*), Federal legislation which authorizes a consumer to bring suit when he/she has sustained damage arising out of a warrantor's failure to comply with its warranty or other obligations, was properly sustained by the IAS court. In what is a matter of appellate first impression in this State, we conclude that a lease such as the one entered into between plaintiff and defendant Adzam Auto Sales, pursuant to which an interest in a vehicle strongly resembling an ownership interest is acquired for the duration of the lease term along with an option to purchase the vehicle outright at the lease term's conclusion, is sufficiently similar to a sale (*see, e.g., Hornberger v General Motors Corp.*, 929 F Supp 884, 887) to come within the protective ambit of the Act (*see, e.g., Stuart Becker & Co. v Kessler Motor Cars*, 135 Misc 2d 1069).

The second cause of action asserts that both the manufacturer and the dealer breached their implied warranty under the Federal statute to supply a vehicle that was substantially free of defects and nonconformities in both material and workmanship and, thus, fit for the ordinary purposes for which it was intended. While there can be no implied warranty absent privity between plaintiff and DaimlerChrysler (*see, Jaffee Assocs. v Bilsco Auto Serv.*, 58 NY2d 993, 995; *Gordon v Ford Motor Co.*, 239 AD2d 156), such privity would exist if the dealerships with which plaintiff dealt were DaimlerChrysler's sales or leasing agents, and disclosure is needed with respect to that possibility (*see, Gordon v Ford Motor Co., supra*). In the absence of any discovery, it was premature for the motion court to find, largely in reliance upon the self-serving language in defendants' agreement, that, as a matter of law, there was no privity between plaintiff and DaimlerChrysler. Accordingly,

the dismissed portion of the second cause of action, i.e., that part of the cause asserting a claim against DaimlerChrysler, should be reinstated.

The motion court also erred in dismissing plaintiff's third cause of action for revocation. Revocation is sought by plaintiff as a remedy under 15 USC § 2310 (d) (1) for defendants' alleged breach of an express, as well as an implied, warranty. Not only is it not possible to conclude at this juncture, as a matter of law, that the privity necessary to a claim for breach of implied warranty is absent but, to the extent that plaintiff's claim for revocation is premised on breach of an express warranty, privity need not be established.

Finally, the motion court should have granted defendants' motion to the further extent of dismissing plaintiff's fourth cause of action for an award of costs, fees and expenses under 15 USC § 2310 (d) (2). This cause does not allege an actionable wrong to be separately sued for but simply amounts to a prayer for relief redundant of the complaint's general demand for relief. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.