[731 NYS2d 189]

ELYSE R. BEYER, Respondent, v DAIMLERCHRYSLER CORPORATION, Appellant, et al., Defendant.

Second Department, October 1, 2001

### APPEARANCES OF COUNSEL

*Couch White, L. L. P.,* Albany (*Paul A. Feigenbaum* and *Keith B. Rose* of counsel), for appellant.

*Sadis & Goldberg, L. L. C.,* New York City (*Douglas R. Hirsch* and *Dennis R. Hirsch* of counsel), for respondent.

### OPINION OF THE COURT

ALTMAN, J. P.

The primary issue on this appeal is whether the plaintiff, who leased rather than purchased a vehicle, is entitled to the consumer protections afforded by the Magnuson-Moss War-

ranty—Federal Trade Commission Improvement Act (15 USC § 2301 et seq.). We conclude that she is entitled to seek relief under the statute.

Pursuant to a written lease dated February 6, 1997, the plaintiff leased a new 1997 Jeep Grand Cherokee from the defendant Storms Motors, Inc. (hereinafter Storms), for a term of 36 months. The vehicle was manufactured by the defendant DaimlerChrysler Corporation (hereinafter DaimlerChrysler). In accordance with the terms of the lease, title did not pass to the plaintiff. However, upon execution of the lease, she was required to pay sales tax and all license, title, and registration fees. She was also responsible for obtaining insurance for the Jeep and for all maintenance and service. In addition, she was required to indemnify Storms for any loss or damage to the vehicle and therefore bore the risk of loss during the lease term. The lease contained an option to purchase the vehicle at the end of the term.

The plaintiff took possession of the vehicle on February 8, 1997. DaimlerChrysler provided a limited written warranty for the Jeep which covered the cost of all parts and labor necessary to repair any defects in material, workmanship, or factory preparation for a period of 36 months or for 36,000 miles, whichever occurred first.

According to the plaintiff, two days after taking delivery she began experiencing problems with the vehicle. During the next 14 months, she brought the Jeep to an authorized Daimler-Chrysler dealer for repairs more than 10 times. The vehicle had to be towed to the dealer on four occasions. Among the parts repaired or replaced were the transmission, the engine, the roof rack, the power steering pump, and the fuel tank. By letter dated April 7, 1998, the plaintiff informed DaimlerChrysler customer service that repair of the Jeep was no longer satisfactory. She requested a replacement vehicle or termination of the lease. No action was taken and the problems persisted. During the spring and summer of 1999, the plaintiff experienced serious mechanical problems with the vehicle requiring further repairs. In a letter dated July 21, 1999, from her attorneys to DaimlerChrysler, the plaintiff attempted to revoke acceptance of the vehicle and demanded cancellation of the lease, a refund of all payments, and damages.

On or about January 4, 2000, the plaintiff commenced this action against DaimlerChrysler and Storms, asserting five causes of action. The first four causes of action, the only ones at issue on this appeal, were brought pursuant to the

Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.* [hereinafter the Magnuson-Moss Act]). In her first cause of action, the plaintiff alleges that DaimlerChrysler breached its written warranty. The second cause of action, asserted against DaimlerChrysler and Storms, alleges breach of implied warranty. The third cause of action, asserted against both defendants, alleges revocation of acceptance, and the fourth, also asserted against both defendants, seeks costs, expenses, and attorneys' fees.

DaimlerChrysler moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7). As to the first four causes of action, it contended that the Magnuson-Moss Act is only applicable to sales and not lease transactions. Further, even if the Magnuson-Moss Act were applicable, the second cause of action had to be dismissed because there was no privity of contract between the plaintiff and DaimlerChrysler, a requisite element of a claim for breach of an implied warranty where only economic loss is alleged. Similarly, the third cause of action did not state a claim due to lack of privity. Further, the plaintiff was not entitled to seek the remedy of revocation of acceptance because DaimlerChrysler provided only a limited, not a full warranty. Finally, the fourth cause of action was merely a prayer for relief and not a cognizable claim.

The Supreme Court granted DaimlerChrysler's motion only to the extent of dismissing the fifth cause of action. While not explicitly concluding that the Magnuson-Moss Act is applicable to lease transactions, the court permitted the plaintiff to pursue her first four causes of action against DaimlerChrysler. As to the first cause of action, the court determined that the plaintiff's allegations supported a claim for breach of DaimlerChrysler's written warranty. With respect to the second cause of action to recover damages for breach of implied warranty, the court acknowledged that privity was a requirement, but concluded that privity would exist if Storms was the sales or leasing agent of DaimlerChrysler. The court found that issue could not yet be resolved. It also found that there were issues of fact which precluded dismissal of the third cause of action for revocation of acceptance and that the fourth cause of action stated a cognizable claim. DaimlerChrysler appeals from so much of the order as failed to dismiss the first through fourth causes of action.

The Magnuson-Moss Act, enacted in 1975, created a Federal private right of action allowing a consumer to recover damages and other relief for breach of a written warranty, implied war-

ranty or service contract (*see*, 15 USC § 2310 [d] [1]). The statute defines the term "consumer" as

> "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." (15 USC § 2301 [3].)

A "written warranty" is defined in 15 USC § 2301 (6) as

> "(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

> "(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,

> "which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product."

■ Relying on these statutory definitions, DaimlerChrysler contends that the warranty obligations created by the Magnuson-Moss Act are triggered only by a sale, not a lease. A number of New York courts have been called upon to determine the issue of whether the Magnuson-Moss Act is applicable to vehicle leases and their conclusions have not been uniform (*see, DiCintio v DaimlerChrysler Corp.*, 282 AD2d 276 [Appellate Division, First Department, held that a lease with an option to purchase is sufficiently similar to a sale to come within protective ambit of Magnuson-Moss Act], *lv granted* 284 AD2d

1023; *Becker & Co. v Kessler Motor Cars,* 135 Misc 2d 1069 [lease is analogous to a sale for purposes of Magnuson-Moss Act]; *Business Modeling Techniques v General Motors Corp.,* 123 Misc 2d 605 [lessee entitled to invoke protections of Magnuson-Moss Act]; *Nicolescu v DaimlerChrysler Corp.,* Sup Ct, Queens County, Jan. 10, 2001, Glover, J. [Magnuson-Moss Act applies to automobile leases with options to buy]; *Tarantino v DaimlerChrysler Corp.,* Sup Ct, Westchester County, Sept. 23, 2000, Zambelli, J. [same]; *Carter-Wright v DaimlerChrysler Corp.,* Civ Ct, Kings County, July 24, 2000, Silber, J. [same]; *compare, Brandt & Brandt v Porsche/Audi Manhattan,* NYLJ, Oct. 31, 1986, at 12, col 5 [causes of action under Magnuson-Moss Act dismissed because plaintiff not a consumer and not a buyer, but a lessee], *affd without opn* 130 AD2d 986; *Miceli v DaimlerChrysler Corp.,* Sup Ct, Westchester County, June 20, 2000, DiBlasi, J. [because there was no initial retail sale prior to leasing of vehicle, lessee may not sue under Magnuson-Moss Act]; *Barco Auto Leasing Corp. v PSI Cosmetics,* 125 Misc 2d 68 [coverage under statute lacking since no sale occurred]).

Other jurisdictions reflect the same split of authority (*see, Lucy v Kia Motors Am.,* 48 Va Cir 460 [Cir Ct, City of Newport News] [Magnuson-Moss Act applies]; *Freeman v Hubco Leasing,* 253 Ga 698, 324 SE2d 462 [Magnuson-Moss Act applies]; *Henderson v Benson-Hartman Motors,* 33 Pa D & C 3d 6 [Magnuson-Moss Act applies where lease is analogous to a sale]; *compare, Powers v Toyota Motor Sales,* 48 Va Cir 275 [Cir Ct, City of Staunton] [court agrees with plaintiff's concession that Magnuson-Moss Act applies to purchases of vehicles and not to leases]; *Hart Mach. Corp. v Mercedes-Benz of N. Am.,* 41 Va Cir 249 [Cir Ct, City of Charlottesville] [Magnuson-Moss Act applies only to purchases of vehicles, not leases]; *Alpiser v Eagle Pontiac-GMC-Isuzu,* 97 NC App 610, 389 SE2d 293 [Magnuson-Moss Act does not apply to "true" vehicle lease with purchase option where lease is not a disguised sale]; *Sellers v Griffin AMC Jeep,* 526 So 2d 147 [Fla] [Magnuson-Moss Act does not apply to a pure lease of automobile unless lease bears a significant relationship to an actual purchase and sale]). There are some cases in which courts applied the Magnuson-Moss Act to vehicle leases, but it appears that the applicability of the statute itself was not disputed by the parties (*see, Pavese v General Motors Corp.,* 1998 WL 57761, 1998 US Dist LEXIS 1746 [US Dist Ct, ED Pa, Feb. 9, 1998, Yohn, J.]; *Kademenos v Mercedes-Benz of N. Am.,* 1999 WL 174390, 1999 Ohio App LEXIS 1523 [Ct App Ohio, 5th Dist, Mar. 3,

1999, Wise, J.]; *Marchionna v Ford Motor Co.*, 1995 WL 476591, 1995 US Dist LEXIS 11408 [US Dist Ct, ND Ill, Aug. 9, 1995, Pallmeyer, J.]).

While the words of a statute are the best evidence of legislative intent and, generally, the unambiguous language of a statute is determinative, the legislative history of a statute may be relevant and should not be ignored even if the words are apparently clear (*see, Riley v County of Broome,* 95 NY2d 455, 463; McKinney's Cons Laws of NY, Book 1, Statutes § 124). The Magnuson-Moss Act was enacted, in part, in response to a "rising tide of complaints * * * from irate owners of motor vehicles complaining that automobile manufacturers and dealers were not performing in accordance with the warranties on their automobiles" (HR Rep No. 93-1107, 93rd Cong, 2d Sess, reprinted in 1974 US Code Cong & Admin News, at 7702, 7708). Primarily, the complaints were that manufacturers and dealers were not honoring the terms of automobile warranties, automobiles were unsafe and poorly designed, and "attempts to get service or defects cured were unsuccessful even when the car had been returned repeatedly to the dealer" (*supra*, at 7708). After studies were conducted by the Federal Trade Commission on automobile and other consumer product warranties and Congressional hearings were held, Congress enacted the Magnuson-Moss Act. Among the purposes of the legislation were "to make warranties on consumer products more readily understood and enforceable" and "to provide the Federal Trade Commission * * * with means of better protecting consumers" (*supra*, at 7702). While the Magnuson-Moss Act does not require that a warranty be given, it does mandate meaningful disclosure of the scope and limitations of any warranty that is provided (*see*, 15 USC §§ 2302, 2303; *Motor Vehicle Mfrs. Assn. v Abrams,* 899 F2d 1315 [2d Cir], *cert denied* 499 US 912; *Henderson v Benson-Hartman Motors, supra*).

Thus, the legislative history reveals the Congressional intent to provide additional protection to consumers, particularly owners of automobiles. Today, by custom and practice, the leasing of vehicles has become a species of ownership. Leasing is promoted by the automobile industry and is selected by many consumers as an alternative to the purchase of a new vehicle (*see, Tarantino v DaimlerChrysler Corp., supra*). The same dealer will offer the consumer a sale or a lease. Despite the use of the word lease, the contract contains many of the indicia of a sale. Consequently, we conclude that the definition of a written warranty as an affirmation of fact, promise, or undertaking

made in connection with the sale of a consumer product (*see,* 15 USC § 2301 [6]) encompasses a written warranty provided in conjunction with a lease such as the plaintiff's, which has many of the characteristics of a sale. The lease required the plaintiff to pay the sales tax and registration fee for the vehicle. She had the responsibility to obtain insurance and to maintain and service the vehicle. She bore the risk of loss. Further, the lease contained an option to purchase. The lease expressly stated that the vehicle was covered by a warranty from the manufacturer, and the plaintiff contends that she would not have leased the Jeep if DaimlerChrysler had not provided a warranty. Thus, the written warranty was "part of the basis of the bargain" (*see,* 15 USC § 2301 [6]). Since we find that the warranty provided by DaimlerChrysler was a "written warranty" within the terms of the Magnuson-Moss Act, the plaintiff qualifies as a "consumer" under the statute as she was a person to whom the vehicle was transferred during the duration of the written warranty (*see,* 15 USC § 2301 [3]). Consequently, the Supreme Court properly sustained the plaintiff's first cause of action to recover damages for breach of the written warranty.

■ However, the court should have dismissed the plaintiff's second cause of action insofar as asserted against DaimlerChrysler. The Magnuson-Moss Act defines "implied warranty" as "an implied warranty arising under State law" (15 USC § 2301 [7]). We must therefore look to New York law to determine whether the plaintiff's second cause of action for breach of implied warranty states a claim against Daimler-Chrysler (*see, Murphy v Mallard Coach Co.,* 179 AD2d 187, 193-194; *Mendelson v General Motors Corp.,* 105 Misc 2d 346, 352, *affd* 81 AD2d 831). New York does not recognize a cause of action to recover damages for economic loss due to breach of an implied warranty absent privity (*see, Jaffee Assocs. v Bilsco Auto Serv.,* 58 NY2d 993, 995; *Gordon v Ford Motor Co.,* 239 AD2d 156). Thus, to recover against DaimlerChrysler, the plaintiff must demonstrate that she was in privity with the manufacturer. While privity would exist if Storms was Daimler-Chrysler's sales or leasing agent (*see, Gordon v Ford Motor Co., supra*), the allegation in the complaint that Storms is "an authorized dealership/agent of [DaimlerChrysler] designated to perform repairs on vehicles under [DaimlerChrysler's] automobile warranties" is insufficient to support a claim that Storms was a sales or leasing agent (*see, Miller v General Motors Corp.,* 99 AD2d 454, *affd* 64 NY2d 1081). To the contrary, the documentary evidence submitted by DaimlerChrysler in sup-

port of its motion demonstrates that Storms was not its agent. Although evidentiary material may be considered on a motion to dismiss to remedy defects in a complaint (*see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633), the evidence submitted by the plaintiff does not demonstrate that she has a cause of action against Daimler-Chrysler for breach of implied warranty. Consequently, the Supreme Court should have dismissed the second cause of action insofar as asserted against DaimlerChrysler (*but see, DiCintio v DaimlerChrysler Corp., supra*).

The third cause of action seeking the remedy of revocation of acceptance should also be dismissed against DaimlerChrylser. The issue of whether the plaintiff is entitled to seek such a remedy is academic. In an affidavit submitted by the plaintiff in opposition to a separate motion to dismiss subsequently made by Storms, which is part of the record on a companion appeal by Storms, the plaintiff stated that she returned the vehicle at the end of the lease term and was no longer seeking the remedy of revocation of acceptance.

The Supreme Court properly denied that branch of DaimlerChrysler's motion which sought to dismiss the plaintiff's fourth cause of action. The Magnuson-Moss Act specifically authorizes an award of an attorney's fee to a consumer who prevails in an action against a warrantor (*see,* 15 USC § 2310 [d] [2]). The plaintiff may plead her claim for an attorney's fee as a separate cause of action (*see, MBNA Am. Bank v Paradise,* 285 AD2d 586; *but see, DiCintio v DaimlerChrysler Corp., supra*).

Accordingly, the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the second and third causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from.

FLORIO, SCHMIDT and SMITH, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the second and third causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.