■ ELYSE R. BEYER, Respondent, v DAIMLERCHRYSLER CORPORATION, Defendant, and STORMS MOTORS, INC., Appellant. [730 NYS2d 541] —In an action, *inter alia,* to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, the defendant Storms Motors, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered July 3, 2000, as denied those branches of its motion which were to dismiss the second and fourth causes of action in the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the plaintiff is entitled to seek relief under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*) (hereinafter the Magnuson-Moss Act) (*see, Beyer v DaimlerChrysler Corp.,* 286 AD2d 103 [decided herewith]). Further, the court properly denied that branch of the appellant's motion which was to dismiss the second cause of action to recover damages for breach of implied warranty insofar as asserted against it. Although the lease entered into by the plaintiff and the appellant dealership contained a disclaimer of any implied warranties, the Magnuson-Moss Act prohibits a supplier from disclaiming or modifying any implied warranty

for a consumer product if, *inter alia*, the supplier "makes any written warranty" to a consumer with respect to the product (15 USC § 2308 [a]). A disclaimer made in violation of the statute is ineffective (*see*, 15 USC § 2308 [c]).

In this case, the manufacturer, the defendant DaimlerChrysler Corporation, provided a written warranty for the vehicle leased by the plaintiff. However, the definition of a party "actually making" a written warranty is not limited to the party who offers it. While "[a] supplier who does no more than distribute or sell a consumer product covered by a written warranty offered by another person or business * * * is not liable for failure of the written warranty * * * other actions and written and oral representations of such a supplier in connection with the offer or sale of a warranted product may obligate that supplier under the [statute]. If under State law the supplier is deemed to have 'adopted' the written [warranty] the supplier is also obligated under the [statute]" (16 CFR 700.4). The plaintiff's complaint and submissions in opposition to the appellant's motion allege conduct on the part of the appellant which could fall within the definition of a party "actually making" a written warranty. If the plaintiff can establish that the appellant made a written warranty, the appellant's disclaimer of implied warranties would be ineffective. Consequently, the second cause of action sufficiently states a claim to recover damages for breach of implied warranties against the appellant.

The court also properly declined to dismiss the fourth cause of action which seeks to recover an award of an attorney's fee under the Magnuson-Moss Act (*see*, 15 USC § 2310 [d] [2]; *Beyer v DaimlerChrysler Corp., supra*, 286 AD2d 103 [decided herewith]). Altman, J. P., Florio, Schmidt and Smith, JJ., concur. [*See* 283 AD2d —, Apr. 1, 2002.]