(March 14, 2002)

■ VINCENT SANTIAGO, Respondent, v DAIMLERCHRYSLER CORPORATION, Appellant, et al., Defendant. [738 NYS2d 571] —Order, Supreme Court, New York County (Louis York, J.), entered on or about April 4, 2001, which denied defendant's motion to dismiss the first five causes of action alleged in the complaint,

unanimously modified, on the law, to grant the motion to dismiss the first four causes of action, and otherwise affirmed, without costs.

The IAS court refused to consider those portions of the motion seeking to dismiss the fourth, fifth and sixth causes of action because defendant's brief exceeded the court's page limit. The court did not address the sixth cause of action for the additional reason that defendant did not include that cause of action in its notice of motion or address it in the supporting affidavits. For the latter reason, we do not address the sixth cause of action.

The first, second, third and fourth causes of action, which allege breach of express and implied warranties, revocation of acceptance and plaintiff's entitlement to costs, fees and expenses under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*), must be dismissed because the Act does not apply to plaintiff's automobile lease (*DiCintio v DaimlerChrysler Corp.*, 97 NY2d 463).

However, the fifth cause of action alleging improper delivery pursuant to New York's Uniform Commercial Code should be sustained because only on the facts can it be determined whether there is privity between plaintiff and defendant that enables plaintiff to reject delivery as against defendant (*see, Gordon v Ford Motor Co.*, 239 AD2d 156) or whether in any event plaintiff's rejection of the automobile was "within a reasonable time" (UCC 2-608 [2]; 2-A-509 [2]; *see, Greacen v Poehlman*, 191 NY 493, 498). Concur—Williams, P.J., Saxe, Sullivan, Ellerin and Lerner, JJ.