■ ELYSE R. BEYER, Respondent, v DAIMLERCHRYSLER CORPORATION, Appellant, et al., Defendant. [741 NYS2d 248] —Motion by appellant for leave to appeal to the Court of Appeals from an opinion and order of this Court, dated October 1, 2001, which determined an appeal from an order of the Supreme Court, Suffolk County, entered May 19, 2000.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied as academic in light of the decision of the Court of Appeals in *DiCintio v DaimlerChrysler Corp.* (97 NY2d 463); and it is further,

Ordered that on the Court's own motion, the opinion and order of this Court, dated October 1, 2001 (*see Beyer v DaimlerChrysler Corp.,* 286 AD2d 103), is recalled and vacated and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act,

the defendant DaimlerChrysler Corporation appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 19, 2000, as denied those branches of its motion which were to dismiss the first, second, third, and fourth causes of action in the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the first, second, third, and fourth causes of action are granted, and those causes of action insofar as asserted against the appellant are dismissed.

Pursuant to a written lease dated February 6, 1997, the plaintiff leased a new 1997 Jeep Grand Cherokee from the defendant Storms Motors, Inc. (hereinafter Storms), for a term of 36 months. The vehicle was manufactured by the defendant DaimlerChrysler Corporation (hereinafter DaimlerChrysler). DaimlerChrysler provided a limited written warranty for the Jeep which covered the cost of all parts and labor necessary to repair any defects in material, workmanship, or factory preparation for a period of 36 months or for 36,000 miles, whichever occurred first.

The plaintiff took possession of the vehicle on February 8, 1997. Allegedly, two days later she began experiencing problems with the vehicle. During the next 14 months, she brought the Jeep to an authorized DaimlerChrysler dealer for repairs more than 10 times. The vehicle had to be towed to the dealer on four occasions. By letter dated April 7, 1998, the plaintiff informed DaimlerChrysler customer service that repair of the Jeep was no longer satisfactory. She requested a replacement vehicle or termination of the lease. No action was taken and the problems persisted. During the spring and summer of 1999, the plaintiff experienced serious mechanical problems with the vehicle requiring further repairs. In a letter dated July 21, 1999, from her attorneys to DaimlerChrysler, the plaintiff attempted to revoke acceptance of the vehicle and demanded cancellation of the lease, a refund of all payments, and damages.

On or about January 4, 2000, the plaintiff commenced this action against DaimlerChrysler and Storms, asserting five causes of action. The first four causes of action, the only ones at issue on this appeal, were brought pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*) (hereinafter the Magnuson-Moss Act). DaimlerChrysler moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7) contending, among

other things, that the Magnuson-Moss Act is only applicable to sales and not lease transactions. The Supreme Court declined to dismiss the first, second, third, and fourth causes of action. However, because the Magnuson-Moss Act does not apply to vehicle leases, those causes of action must be dismissed (see DiCintio v DaimlerChrysler Corp., 97 NY2d 463). Altman, J.P., Florio, Smith and Schmidt, JJ., concur.