■ ELYSE R. BEYER, Respondent, v DAIMLERCHRYSLER CORPORATION, Defendant, and STORMS MOTORS, INC., Appellant. [745 NYS2d 29] —Motion by the appellant for leave to appeal to the Court of Appeals from a decision and order of this Court, dated October 1, 2001, which determined an appeal from an order of the Supreme Court, Suffolk County, entered July 3, 2000.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied as academic in light of the decision of the Court of Appeals in *DiCintio v DaimlerChrysler Corp.* (97 NY2d 463); and it is further,

Ordered that on the Court's own motion, the decision and order of this Court, dated October 1, 2001 (see *Beyer v DaimlerChrysler Corp.*, 287 AD2d 427), is recalled and vacated and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, the defendant Storms Motors, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered July 3, 2000, as denied those branches of its motion which were to dismiss the second and fourth causes of action in the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the second and fourth causes of action are granted, and those causes of action insofar as asserted against the appellant are dismissed.

The Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*) (hereinafter the Magnuson-Moss Act) does not apply to vehicle leases (see *DiCintio v DaimlerChrysler Corp.*, 97 NY2d 463). Consequently, the second and fourth causes of action asserted pursuant to the Magnuson-Moss Act must be dismissed (see *Beyer v DaimlerChrysler Corp.*, 293 AD2d 432 [decided herewith]). Altman, J.P., Florio, Smith and Schmidt, JJ., concur.