In an action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 USC § 2301 et seq.), the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated December 12, 2002, as granted those branches of the defendants’ *344 motion which were for summary judgment dismissing the third cause of action in the complaint based on the remedy of revocation of acceptance and the claims for incidental damages, and the defendants cross-appeal from stated portions of the same order.
Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]);. and .it is further,
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing the . third cause of action based on revocation of acceptance, and dismissing the claim for incidental damages insofar as asserted against the defendant East Hills Chrysler Plymouth, Inc., and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs purchased a new automobile from the defendant East Hills Chrysler Plymouth, Inc. (hereinafter East Hills), an authorized dealer of the defendant manufacturer Daimler-Chrysler Corporation (hereinafter Daimler). Two years later, they commenced this action against East Hills and Daimler pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (hereinafter the MMWA) (see 15 USC § 2301 et seq.), alleging, inter alia, breach of written and implied warranties and revocation, of acceptance.
The Supreme Court erred in granting that branch of the defendants’ motion which was for summary judgment dismissing the revocation of acceptance cause of action. Initially, the plaintiffs may assert a cause of action pursuant to the MMWA against Daimler for breach of its written warranty as the statute abolished the requirement of privity with respect to claims by a consumer against a warrantor (see Abraham v Volkswagen of Am., 795 F2d 238, 248 [2d Cir 1986]; 15 USC §§ 2301, 2310 [d]). However, Daimler issued a “limited,” rather than a “full,” written warranty, and the MMWA is silent as to the remedies for breach of a limited written warranty (cf. 15 USC § 2304 [a] [4] [a full warranty must include a choice of a refund or replacement without charge for a defective product]). Accordingly, the court must look to state law to determine the plaintiffs’ entitlement to damages or other legal or equitable relief (see 15 USC § 2310 [d]; Murphy v Mallard Coach Co., 179 AD2d 187 [1992]; MacKenzie v Chrysler Corp., 607 F2d 1162, 1166 [5th Cir 1979]; Novosel v Northway Motor Car Corp., 460 F Supp 541, 545 [ND NY 1978]).
We conclude that the absence of privity does not bar applica *345 tion of the remedy of revocation of acceptance for breach of a limited written warranty under the MMWA (see DiCintio v DaimlerChrysler Corp., 282 AD2d 276 [2001], revd on other grounds 97 NY2d 463 [2002]; Gochey v Bombardier, Inc., 153 Vt 607, 610-613, 572 A2d 921, 923-924 [1990]; Ventura v Ford Motor Corp., 180 NJ Super 45, 65-66, 433 A2d 801, 811-812 [1981]; cf. Funk v Montgomery AMC/Jeep/Renault, 66 Ohio App 3d 815, 586 NE2d 1113 [1990]). Since the MMWA makes a warrantor directly liable to a consumer for breach of a written warranty, it would be inconsistent with the purpose of the statute to impose a privity requirement with respect to the remedies for that breach. Furthermore, a buyer may obtain a refund of the purchase price from a manufacturer for breach of an express warranty, without regard to privity, under provisions of the Uniform Commercial Code (see UCC 2-714 [2]; 2-719 [2]; Murphy v Mallard Coach Co., supra; Durfee v Rod Baxter Imports, 262 NW2d 349 [1977] [Minn]). Given the remedial purposes of the MMWA, we conclude that the plaintiffs’ cause of action for revocation of acceptance should be reinstated insofar as asserted against Daimler.
The plaintiffs, at the time of their purchase of the automobile, also purchased a service contract from East Hills. Pursuant to 15 USC § 2308 (a), a “supplier,” such as East Hills, may not disclaim any implied warranty to a consumer if, at the time of the sale, or within 90 days thereafter, the “supplier” entered into a Service contract with the consumer. Therefore, East Hills may not disclaim the implied warranty of merchantability, and the plaintiffs have asserted a cause of action to recover damages for breach of implied warranty against it pursuant to the MMWA. State privity laws apply with respect to a claim for breach of an implied warranty under the MMWA (see Abraham v Volkswagen of Am., supra). However, as there is no dispute that the plaintiffs and East Hills are in privity, the Supreme Court erred in dismissing the cause of action for revocation of acceptance insofar as asserted against East Hills.
The Supreme Court properly dismissed the plaintiffs’ claim for incidental damages insofar as asserted against Daimler. The MMWA does not prohibit a limitation on such damages in a written warranty (see 15 USC § 2304 [a] [3]; § 2311 [b] [2]), and, under state law, the test is whether the limitation is unconscionable (see UCC 2-719 [3]). Contrary to the plaintiffs’ contention, we conclude that the limitation on incidental damages in Daimler’s warranty is not unconscionable.
The Supreme Court erred, however, in dismissing the plaintiffs’ claim for incidental damages insofar as asserted *346 against East Hills. East Hills was precluded from disclaiming an implied warranty of merchantability, and the plaintiffs may recover incidental damages for breach of an implied warranty under UCC 2-714 and 2-715.
The parties’ remaining contentions are without merit. Ritter, J.R, Goldstein, Townes and Mastro, JJ., concur.